**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3199-17T3

CHONG FAN,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, and OFFICEMATE
INTERNATIONAL CORPORATION,

     Respondents.

_____

Submitted January 24, 2019 – Decided April 9, 2019

Before Judges Fuentes and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket No. 132,599.

Chong Fan, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Shareef M. Omar, Deputy Attorney General, on the brief).

Respondent Officemate International Corporation has not filed a brief.

PER CURIAM

Chong Fan appeals from the Board of Review's final administrative decision disqualifying him for unemployment benefits because he was discharged for simple misconduct connected to his employment as a shipping department worker and finding he was liable to refund $996 he received as benefits. The sole argument advanced in his self-authored merits brief is:

> SINCE EMPLOYER KEPT USING REGULAR HOURLY WAGE FOR CLAIMANT'S OVERTIME WORK, CLAIMANT DID NOT FEEL COMFORTABLE TO DO[] OVER THE WORK WHICH WAS ALREADY COMPLETED CORRECTLY AND [WOULD] CAUSE CLAIMANT TO WORK OVERTIME. CLAIMANT WAS NOT BEING [A] HYPOCRITE AND ANSWERED HIS SUPERVISOR'S QUESTION BASED ON HIS TRUE PERSONAL FEELING[S]. CLAIMANT WAS TERMINATED BY HIS SUPERVISOR BECAUSE HE DID NOT LIKE CLAIMANT'S ANSWER. CLAIMANT SHOULD NOT HAVE BEEN DISQUALIFIED FOR BENEFITS.

Appellant's argument that his discharge was due to his refusal to work overtime because his employer historically violated the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a to -56a30, by paying only straight time for overtime hours was not raised before the Board and will not be considered here. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Items 12A and 13A of his appendix – proffered as evidence in support of his allegation of his

employer's wage and hour violation – were not listed in the Statement of Items Comprising the Record on Appeal. Further, a review of the transcript of the hearing reveals appellant twice mentioned overtime; in both instances appellant said only that the employer preferred he did not work overtime and did not want him to work overtime.

Given our limited standard of review, we determine the Board's decision, wholly agreeing with the Appeal Tribunal's determination, was not arbitrary, capricious or unreasonable, Brady v. Bd. of Review, 152 N.J. 197, 210 (1997), and affirm.

Following his termination, appellant collected unemployment benefits for a three-week period. A deputy commissioner in the Department of Labor subsequently issued a determination imposing a disqualification for benefits because appellant was discharged for misconduct and ordering a refund of the paid benefits. Appellant appealed and the Appeal Tribunal conducted a telephonic hearing in which appellant, with an interpreter, and the employer participated.

Appellant disputed the underlying facts that led to his termination. He testified that after his employer told him to process a client's order that had to be filled that day, he asked if the employer could switch the order because there

A-3199-17T3

was a "conflict" between that order and an order being filled by a co-worker. Appellant said his supervisor responded, "I don't have any other client['s order] for you.  You couldn't handle the work I assigned to you.  You are fired." Appellant explained to the Appeal Tribunal that he did not believe his actions constituted misconduct because he did not "intentionally violat[e] company policy" but merely "provide[d] a suggestion . . . to minimize the work related time wasted and . . . possibility mistakes would happen," and asked his supervisor's opinion if he could switch orders.

The Appeal Tribunal, however, gave more weight to the employer's testimony that appellant refused instructions to release the order because it was "more likely . . . [he] did not want to spend the time required to complete" that task.  Appellant's actions, the Appeal Tribunal found, "were insubordinate conduct, a disregard of the standards of behavior which the employer had the right to expect of his employees."  We are obliged to accept the Appeal Tribunal's factual findings, adopted by the Board, because they are "supported 'by sufficient credible evidence.'"  Brady, 152 N.J. at 210 (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)).  Those proofs establish that the employer met its burden of proving appellant was discharged for misconduct.  N.J.A.C. 12:17-10.1(f).

Pursuant to N.J.S.A. 43:21-5(b), an applicant for unemployment compensation benefits is disqualified for the week in which he or she has been discharged for misconduct connected with the work and for seven weeks immediately following the discharge. Under N.J.A.C. 12:17-2.1: "'Misconduct' means simple misconduct, severe misconduct, or gross misconduct." The same regulation defines "simple misconduct" as the "willful disregard of the employer's interest, a deliberate violation of the employer's rules, [or] a disregard of standards of behavior that the employer has the right to expect of his or her employee[.]" N.J.A.C. 12:17-2.1.

Appellant's refusal to comply with the employer's instruction to fill the order – which appellant acknowledged had to be filled that day per company policy – was a "deliberate and wil[l]ful disregard of standards of conduct an employer has a right to expect." Demech v. Bd. of Review, 167 N.J. Super. 35, 41 (App. Div. 1979). We agree with the Appeal Tribunal's decision, adopted by the Board, that the employer proved appellant's intentional conduct, connected with his work, disregarded the employer's reasonable standards of behavior, thus amounting to simple misconduct. N.J.A.C. 12:17-2.1.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3199-17T3